IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEITH LOWE, #63835-061                                                              PETITIONER

VS.                                                          CIVIL ACTION NO. 5:07-cv-35-DCB-MTP

CONSTANCE REESE, WARDEN                                                       RESPONDENT

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Lowe, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the Petition and Response [8] filed by Petitioner, this Court has reached the following conclusion.

Background

Petitioner is challenging his May 26, 1995 sentencing to 240 months incarceration for conspiracy to possess with intent to distribute cocaine base entered by the United States District Court for the Southern District of Ohio. Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Sixth Circuit on April 4, 1997.

Petitioner argues that since the federal trial court lacked jurisdiction over his criminal case, he should be released from incarceration. In support of this contention, Petitioner provides the following grounds for relief: (1) the prosecution failed to prove that the crimes occurred in the Southern District of Ohio; (2) all of the drug transactions occurred intrastate by all parties in the conspiracy and did not effect interstate commerce; and (3) petitioner's ancestors were slaves and did not attend the convention ratifying the Constitution and therefore remain under state

jurisdiction. In addition, Petitioner asserts that he is actually challenging his current confinement in this case as opposed to his criminal conviction and sentence, because the trial court's lack of jurisdiction necessarily "voids" his conviction and sentence.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992); *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during or before his federal sentencing by the Southern District of Ohio, which is not properly pursued in a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing.").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

>to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attempts to establish the inadequacy or ineffectiveness of a motion pursuant to § 2255 by asserting that his previous § 2255 motion only attacked his sentence enhancement and not the grounds asserted in this petition, contrary to his request to his attorney. Furthermore, Petitioner claims that his time has expired to file a § 2255 motion and a jurisdictional issue may be raised at any time. As stated above, Petitioner also argues that this is a challenge to his confinement and not his sentence, because there is not a valid sentence to challenge.

The sentencing court's denial of a motion pursuant to § 2255 does not establish the inadequacy or ineffectiveness of § 2255 as a remedy. *Id.* The Fifth Circuit Court of Appeals has consistently noted, that a prior denial of a § 2255 motion or the denial of a motion for leave to file a second or successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective so as to permit a petition under § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).

Since Petitioner is challenging the validity of his conviction and sentence in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition. Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.

## Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir. 2000).

SO ORDERED, this the ___26th___ day of July, 2007.

                                            _s/ David Bramlette_____
                                            UNITED STATES DISTRICT JUDGE